## DAVIS v. WILSON.

## (*Nashville.* February 5th, 1887.)

APPEAL. *Granting time to perfect. Act of* 1871 *construed. Pauper oath.*

A Chancery Court has no power, under the Act of 1871, Ch. 59, to grant, to a party appealing from its decree, time to give bond, or take the pauper oath, beyond the close of its term; except in cases where the appellant is "a resident of another county or State, or is unable by reason of physical disability to be present," and then, not exceeding thirty days. And therefore an appeal, in other than the excepted cases, will be dismissed, on motion, where it was perfected under an extension of time, by appellant's taking and filing pauper oath after close of term.

Code cited: § 3883 (M. & V.) Act of 1871, Ch. 59, modifying the practice as previously settled in Andrews v. Page, 2 Heis., 634, and Mc-Phatridge v. Gregg, 4 Cold., 324.

(See now, Acts of 1885, Ch. 65.)

---

FROM MACON.

---

Appeal from Chancery Court of Macon County. W. G. CROWLEY, Ch.

TURNER & MULLIGAN for Davis.

SEAY & HEAD for Wilson.

LURTON, J. The final decree in this case was entered August 11th, 1885. From this decree an appeal was prayed by the complainant, and granted

upon condition that bond should be given or pauper oath taken within sixty days. The oath prescribed for poor persons was taken before the Clerk of the Chancery Court of Sumner County, on the 15th of September, 1885, and filed with the Clerk of the Chancery Court of Macon County, the Court granting the appeal September 16th, 1885. This was more than thirty days after appeal was granted, but within the time allowed by the decree. Two questions are made as to the sufficiency of the oath as taken and filed to perfect the appeal. The first is as to whether this oath can be taken before any Clerk other than the Clerk of the Court granting the appeal. The decision of this question is pretermitted, because there is another question which, being fatal to the appeal, renders it unnecessary now to decide this. The oath filed, whether sufficient in form or not, was not filed within thirty days. The Chancellor granted sixty days within which this oath might be filed. We think that in granting more than thirty days to either give bond or file the pauper's oath he exceeded his authority, even if the complainant were otherwise entitled to give bond or take pauper's oath out of term time.

The Act of 1871, Chapter 59, carried into the new Code at § 3883, is as follows:

"In all cases in the inferior courts of this State, wherein an appeal to the Supreme Court may hereafter be prayed and granted upon the terms now imposed by law, and the party appealing is

a resident of another county or State, or is unable, by reason of physical inability, to be present, the Court granting said appeal may, in its discretion, allow the appellant time, in no case exceeding thirty days, in which to give bond or file the pauper's oath, for the prosecution of said appeal."     *     *     *

In *McPhatridge et al.* v. *Gregg et al.*, 4 Cold., 324, it was held that the pauper's oath could only be taken in open court. This requisite would have precluded its being taken out of term time. But in *Andrews* v. *Page*, 2 Heis., 634, this case was so far modified as to hold "that time beyond the term may be allowed by the Chancery Court to an appellant to take the oath of a pauper, upon an appeal prayed and granted to the Supreme Court." Both of these cases were before the Act of 1871, Chapter 59. Under this latter decision, the time when an appeal might be perfected by taking and filing the pauper's oath was left wholly within the sound discretion of the Chancellor; and if taken within the time prescribed by the decree, the appeal was perfected. But this has been changed by the legislation of 1871. Time, not exceeding in any case thirty days, may be granted. So time cannot be extended to any appellants except such as come within the terms of this act—viz.: "residents of another county or State, or is unable by reason of physical inability to be present."

The complainant, in the caption of his bill, states his residence to be Macon County, and nothing appears of record to show that he was not a citizen of that county at the time the appeal was prayed. Neither does it appear that he was physically unable to be present and give bond or take the oath in open court. The oath was not filed, even if he came within the other terms of the act, within thirty days. His appeal has, consequently never been perfected. The legislation under discussion puts rich and poor upon the same footing, and, whether wise or unwise, is the law prescribed for us to administer. The motion to dismiss, having been made at the first term after the record was filed, is clearly within time, and it is accordingly granted.