## ABLES v. ABLES.

### (*Nashville.* February 2d, 1888.)

HUSBAND AND WIFE. *Husband's control of wife's land. Acts 1879, Ch. 141, construed.*

Acts 1879, Ch. 141, exempting rents and profits of a married woman's property from her husband's debts and contracts, does not affect his right to possess and control her lands, held by her otherwise than as separate estate; and therefore the husband may dispossess a tenant to whom she has leased her lands thus held without his consent.

Code cited: Section 3343 (M. & V.); Acts 1879, Ch. 141.

### FROM GILES.

Appeal from Chancery Court of Giles County. A. J. ABERNATHY, Ch.

JONES, SON & EWING for Complainant.

W. H. McCALLUM and WILKES & STEELE for Defendant.

M. M. NEIL, Sp. J. This case presents a controversy between the husband and wife as to the control of her lands, which she owns, not as separate estate, but in fee-simple title only. The wife rented out twenty acres of her land to one Harlow, and placed him in possession. The husband objected to this, and brought a suit of forcible entry and detainer against the tenant.

The wife brought this bill to enjoin the prosecution of her husband's suit, claiming that she is

entitled to the absolute control of her lands, by virtue of the Act of 1879, Chapter 141, New Code, Section 3343, which reads as follows:

"That hereafter the rents and profits of any property or estate of a married woman which she now owns or may hereafter become seized or possessed of, either by purchase, devise, gift, or inheritance, as a separate estate, or for years, or for life, or as a fee-simple estate, shall in no manner be subject to the debts or contracts of her husband, except by her consent, obtained in writing; *Provided,* That this act shall in no manner interfere with the husband's tenancy by the courtesy."

The Chancellor sustained her contention, and directed a perpetual injunction.

We are of opinion that, while the Act of 1879 protects the rents of the wife's realty from the husband's creditors, and extinguishes the husband's right to contract them away, over her objection, or without her assent in writing, still it was not intended by the Legislature to interfere in any other respect with the husband's ancient right, as governor of the family, to control his wife's lands, so held, for the benefit of the family.

Accordingly, the decree of the Chancellor is reversed and the bill dismissed.

Turney, C. J., dissents.

---

The Act of 1879, Ch. 141 (Code, § 3343, M. & V.), was doubtless passed to meet the decision in *Lucas* v. *Rickenrich*, 1 Lea, 726, holding rents of the wife's realty owned by her otherwise than as separate estate subject to husband's debts.