Brasfield *v.* Brasfield.

BRASFIELD *v.* BRASFIELD.

*(Jackson.*    May  6,  1896.)

• 1.  HUSBAND AND WIFE.  *Husband entitled to rents of wife's lands upon dissolution of marriage, when.*

The husband's right, reserved by § 3329, (M. & V.) Code, to the continued possession and rents of the wife's lands held as her general estate, after dissolution of the marriage at his suit, is not impaired or affected by the provisions of Acts 1879, Ch. 141, exempting the rents of the wife's lands from seizure for the husband's debts.  (*Post, pp. 581–584.*)

Code construed; § 3329 (M. & V.); § 2472 (T. & S.).

Acts construed: Acts 1879, Ch. 141.

Cases cited: Coleman *v.* Satterfield, 2 Head, 264; Taylor *v.* Taylor, 12 Lea, 490; Lucas *v.* Rickerick, 1 Lea, 726.

2.  SAME.  *Rents are not separate estate.*

The provisions of Acts 1879, Ch. 141, exempting rents of wife's lands from seizure for husband's debts, does not make such rents her separate estate, so as to exclude the rights of the husband.  (*Post, pp. 583, 584.*)

Act construed: Acts 1879, Ch. 141.

Case cited and approved: Ables *v.* Ables, 86 Tenn., 333.

3.  SAME.  *Wife liable for costs of divorce suit.*

A married woman may be adjudged to pay the costs of her own unsuccessful suit, and of the husband's successful cross suit, for divorce.  (*Post, pp. 584, 585.*)

Code construed: § 3334 (M. & V.); § 2477 (T. & S.).

Case cited and approved: Payne *v.* Payne, *ante,* p. 59.

FROM  WEAKLEY.

Appeal  from  Circuit  Court  of  Weakley  County.
W.  H.  SWIGGART,  J.

JONES & HALL for Plaintiff.

CHARLES M. EWING for Defendant.

McALISTER, J. Complainant, Emma Brasfield, filed this bill in the Circuit Court of Weakley County, for a divorce from her husband, Vernon G. Brasfield, upon the ground of cruel and inhuman treatment. The defendant answered, denying all the allegations of the original bill, and by cross bill sought a divorce from complainant, his wife, upon the ground of adultery. Upon final hearing, the Court dismissed the original bill, and decreed a divorce in favor of the husband, giving him the custody of his minor daughter, adjudging also that the husband was entitled to the rents and profits, as well as the possession, of certain property—part of the wife's general estate—and taxing the wife with the costs of the cause. The wife, ·who was the original complainant, appealed, and has assigned errors.

It is conceded by counsel that there was no error in the decree of the Circuit Judge in dismissing the original bill, and it is admitted that. the Court was fully warranted in pronouncing a decree in favor of the husband upon the allegations and proof of his cross bill in respect of the adultery of the wife. Nor is any exception taken to the action of the Court in awarding the custody of the minor daughter to the father.

The first assignment of error is that the Circuit Judge erred in allowing the husband the rents and

profits of thirty acres of land belonging to the wife, because · it is alleged that the said Vernon G. Brasfield, husband, had no marital rights in his wife's real estate under the facts of this case.

The Circuit Judge decreed the rents and profits of the land to the husband, upon the ground that it was the wife's general estate, and that such a decree is expressly authorized by § 3329, (M. & V.) Code, which provides, viz.: "Where a marriage is dissolved at the suit of the husband, and the defendant is the owner, in her own right, of lands, his right to and interest therein to the rents and profits shall not be taken away or impaired by the dissolution, but the same shall remain to him as though the marriage had continued."

At common law the husband was entitled to the usufruct, the rents and profits of his wife's lands, during the existence of the marriage relation, and, upon birth of issue, to tenancy by the curtesy after his wife's death.

It has several times been held by this Court that this interest of the husband in his wife's lands was not changed by the Act of 1849–50, which only forbids the sale of her interest during her life for his debts, and disables the husband from selling such interest unless his wife joins in the conveyance. *Coleman* v. *Satterfield*, 2 Head, 264; *Taylor* v. *Taylor*, 12 Lea; *Lucas* v. *Rickerich*, 1 Lea, 726.

In the latter case this Court, in speaking of the Act of 1849–50, said, viz.: "This, we have several

times held, was the only effect of the statute, and that it did not create a technical separate estate in the wife. This being so, it follows the rights of the husband, as to rents and profits, are not affected by the statute, and remain as before its passage "— that is to say, as they existed at common law. In that case the Court further said: "We need not discuss the question of reduction of rents to possession, as the right to them is not dependent on this, but on his right in the land by virtue of the relation of husband, and the principle referred to has no application." In that case the rents arising from the wife's general estate were subjected to payment of the husband's debts. In 1879, obviously for the purpose of remedying this decision, the Legislature passed an Act exempting rents and profits of a married woman's property, whether separate or general estate, from the debts or contracts of her husband, except by the wife's consent, obtained in writing, and provided that this Act shall in no manner interfere with the husband's tenancy by the curtesy.

It is insisted by counsel, in argument, that this Act has changed the common law rule, and has converted rents and profits of the wife's general estate into a separate estate, and, the husband having no interest now in such rents and profits by virtue of the marital relation, the Circuit Court was in error in decreeing such rents and profits to the defendant.

The Act of 1879 was before this Court for construction in the case of *Ables* v. *Ables*, 2 Pickle,

333.　In that case the husband brought forcible entry and detainer to dispossess a tenant to whom his wife, without his consent, had leased a part of her general estate.　This Court held, that while the Act of 1879 protects the rents of the wife's realty from the husband's creditors, still it was not intended by· the Legislature to interfere in any other respect with the husband's ancient right as governor of the family, to control his wife's lands so held, for the benefit of the family.''　Proceeding a step further in the construction of this statute, we are of opinion that the Legislature did not intend, by exempting such rents and profits from seizure for the debts of the husband, to thereby create a separate estate in such rents and profits in the wife.

The whole purpose of the Legislature was to prevent the seizure, by the creditors of the husband, of the usufruct of the wife's land, and thereby diverting it from the support of the family.　In the opinion of the Court, the husband is still entitled to the rents and profits of his wife's general estate, and the decree of the Court in this case, preserving that interest, notwithstanding the dissolution of the bonds of matrimony, was expressly authorized by the statute.　Code (M. & V.), § 3329.

The next assignment is, that the Court erred in taxing the wife with the costs.　The argument is, that defendant being a married woman, no personal decree could be rendered against her for. costs.　At

Brasfield *v.* Brasfield.

the recent term at Nashville, this Court held, in *Payne* v. *Payne*, *ante*, 59, that under § 3334, M. & V. Code, such costs were properly taxed against the wife.

Affirmed.