BRYANT *v.* FREEMAN *et al.*

(*Nashville.*  December Term, 1914.)

HUSBAND AND WIFE.  Curtesy initiate.  Right of husband to sue alone to protect joint estate of husband and wife.

As governor of the family, the husband may control his wife's realty, and can sue for and collect the rents thereof when there has been no disseisin of their joint estate, but where a wife had conveyed her land, the husband, by suit in equity in the nature of ejectment, could not recover possession, rents, etc., of the property on the strength of his estate by curtesy initiate without joining his wife as plaintiff; he being only jointly seised with her in such case, and the right of action, if any, being joint.

Code cited and construed:  Sec. 4234 (S.).

Acts cited and construed:  Acts 1849-50, ch. 36.

Cases cited and distinguished:  Weisinger v. Murphy, 39 Tenn., 674; Guion v. Anderson, 27 Tenn., 325.

Cases cited and approved:  Ables v. Ables, 86 Tenn., 333; Brasfield v. Brasfield, 96 Tenn., 580; Gillespie v. Worford, 42 Tenn., 642; Corley v. Corley, 67 Tenn., 8.

FROM WILSON.

Appeal from the Chancery Court of Wilson County. —J. W. STOUT, Chancellor.

S. M. WALKER and J. N. ADAMS, for plaintiff.

W. R. CHAMBERS and HORACE OZMENT, for defendant.

MR. JUSTICE FANCHER delivered the opinion of the Court.

This is a suit in the nature of ejectment, filed in the chancery court by Zeke Bryant, without making his wife a party, to recover a tract of land owned by Isa Bryant, his wife, and to also recover for timber cut from the land and for rents and profits.

The defendants claim to hold under a deed executed by Isa Bryant, on September 22, 1910, for which she paid $800. The husband did not join in the deed. The bill avers the marriage, seisin of the wife, and birth of issue alive, which entitled complainant to an estate as tenant by the curtesy initiate, and it is in this right that the husband seeks to recover.

The chancellor dismissed the bill for want of equity on the face.

*Ables* v. *Ables,* 86 Tenn., 333, 9 S. W., 692, relied on by complainant, was a controversy between husband and wife. The wife had rented to one Harlow twenty acres of her land, and placed him in possession. The husband objected to this, and brought a suit of forcible entry and detainer against the tenant. The wife then brought a bill to enjoin the prosecution of her husband's suit, claiming absolute control under the Act of 1879 (Acts 1879, ch. 141), providing that the rents and profits of her land shall not be subject to the debts or contracts of her husband, except by her consent in writing. It was held that this act did not interfere with the ancient rights of the husband as governor of

the family, but merely protects the wife's rents from the husband's creditors, and extinguishes his right to contract them away. The wife's bill was dismissed.

The case of *Brasfield* v. *Brasfield,* 96 Tenn., 580, 36 S. W., 384, cited by complainant, was a divorce suit, and it was held that the husband was entitled to the rents of the wife's lands upon dissolution of the marriage at the suit of the husband, under the statute (section 3329 [Milliken & V.] Code).

In *Gillespie* v. *Worford,* 2 Cold., 642, the wife had executed a power of attorney to the husband to convey her lands, under which he had executed a deed. The husband afterward abandoned the wife, and she obtained a divorce, thereafter bringing suit for the land. It was held that she could not recover, but the purchaser was vested with an estate of freehold, determinable on the death of the husband; that the husband, by the marriage, acquires, and during the coverture enjoys, a freehold interest in his wife's real estate, during their joint lives, both being seised in her right by entirety, the effect of which is to put the ownership for the coverture entirely in the husband's power; that he can, as a consequence, alienate his ownership at pleasure, and his conveyance will pass the freehold, without the wife's co-operation.

The case of *Weisinger* v. *Murphy,* 2 Head, 674, is a case where the husband, Porter, and wife, had been deprived of the wife's land by a deed executed by a cotenant of the wife. The heirs of Mrs. Porter brought

suit more than three years after her death. It was said:

"During the existence of the coverture he is not tenant by the curtesy, and cannot be, unless he survive his wife, and therefore has no particular interest or estate, separate from the fee-simple estate of his wife.

"If there be a disseisin during the coverture, it is a disseisin of the entire joint estate, and they must jointly bring suit to recover the possession. And if they fail to do so, their joint right of action will be barred by seven years' adverse possession, and the husband's interest barred and extinguished, so that, if he even survive his wife, he has no estate or interest, and, if she survive him, she has, by the proviso in the statute, only three years next after their coverture shall cease within which to sue."

It was said further:

"The case is entirely different where there is no joint right of suit in husband and wife, as where the husband makes a conveyance of the lands of the wife, she not joining therein—where the husband, by his deed, has estopped himself from suing, and the wife cannot sue alone; nor can she, or her heirs, sue the husband's vendee, until after the husband's death, and the case becomes one of particular estate and remainder, with the right of seven years, in the wife, or her heirs, to sue next after the husband's death." *Weisinger* v. *Murphy,* 2 Head, 676, 677.

In *Guion* v. *Anderson* the question was whether Guion, the husband, was barred by the statute of limitations by a disseisin during the lifetime of the wife and after her marriage to Guion. He claimed an estate by the curtesy, the wife having died, there being issue born of the marriage to Guion. The court said:

"In the language of the books, the estate is initiate on issue born, and consummate on the death of the wife. It cannot by possibility exist during the life of the wife, and may be defeated by alienation or death of the husband in her lifetime. At the time of the disseisin in this case it was entirely contingent and uncertain whether the interest of John Guion would continue beyond the coverture. He was not then seised of a particular interest or estate separate from the fee-simple estate in his wife. By marriage the husband gains an estate of freehold in the inheritance of his wife, in her right, which may continue during their joint lives, and may, by possibility, last during his own life. He is not, however, solely seised, but jointly with his wife. The technical phraseology of the common-law pleaders to express the interest of the husband in the estate of his wife is 'that husband and wife are jointly seised in right of the wife. [*Wood* v. *Savage*], 2 Doug., 329' "; *Guion* v. *Anderson,* 8 Humph., 325.

In *Corley* v. *Corley,* 8 Baxt., 8, it was held that, if there be a disseisin during coverture, it is a disseisin of the entire joint estate, and husband and wife must jointly sue to recover possession; but, where the wife

was forced by the cruel conduct of the husband to leave home, equity would grant her a fair proportion of the rents and profits secured for herself and children.

Prior to the Act of 1849-50 (Laws 1849-50, ch. 36; Shannon's Code, section 4234) it was held that the deed of the husband operated to convey his own estate in his wife's land; that his deed operated as a severance of their joint estate, and vested the purchaser with the husband's estate in the lands, and this purchaser was therefore in rightful possession during the continuance of the husband's estate. The result was to deprive the wife of her right during the life of the husband.

This Act of 1849-50 secured to the wife her estate against any act or liability of the husband, and it was held after that time she could sue by next friend and recover her lands, independent of the husband, where he had attempted to convey or as against any sale by his creditors, and her lands could only be conveyed by joint deed of husband and wife in the manner prescribed by law in which married women shall convey their lands. Shannon's Code, 4234; *McCallum* v. *Petigrew,* 10 Heisk., 394.

The husband, as governor of the family, and by virtue of the marriage, is entitled to the control of his wife's estate in land, and can sue for and collect the rents when there has been no disseisin of their joint estate. It is by virtue of the joint seisin of husband and wife that the husband controls. That joint seisin exists even though there be a controversy between

husband and wife as to this control when no one is holding the land adverse to her title. But, without some showing or equity which would take the case out of the common-law rule, the husband cannot sue in ejectment alone, in his own name to recover his wife's land.

In the present case no effort is made to protect the wife as against her act by showing that she was imposed upon, and no excuse is given why she is not a party jointly complainant with her husband. The complainant sues in his own right independent of the wife. Under these circumstances he cannot recover. We do not mean to hold that the husband is powerless to protect his wife's property or his own rights in the property, nor to recover rents, under any and all circumstances where the wife has attempted to convey her land, but this court does hold that no recovery can be had in the manner here attempted.

The decree of the chancellor must be affirmed.