CHARLES C. HUX *et al. v.* J. H. RUSSELL *et al.*

(*Knoxville.*    September Term, 1917.)

1.  **HUSBAND AND WIFE.**   Estate by the entireties.   Damage
    to rental value.

    At common law and prior to the married woman's emancipation act
    of 1913 (Laws 1913, chapter 26), a husband had full right to
    the rents, profits, and usurfuct of property held by the entire-
    ties, and could sue, and take the damages, for an injury to the
    rental value of the property.   (*Post, pp.* 274-275.)

    Acts cited and construed:   Acts 1913, ch. 26.

    Cases cited and approved:   Ames v. Norman. 36 Tenn., 683;
       Cole Mfg. Co. v. Collier. 95 Tenn.. 115; West v. Aberdeen. etc.,
       R. Co., 140 N. C., 620; Sheridan Gas, etc., Co. v. Pearson, 19
       Ind. App., 252; Hiles v. Fisher, 144 N. Y., 306; Ables v. Ables,
       86 Tenn., 333.

2.  **EXECUTORS AND ADMINISTRATORS.**   Assets.   Damages
    to estate by entireties. "Chose in action."

    Prior to the married woman's emancipation act of 1913, where
    a husband sued for damages to the rental value of an estate
    by th∍ entireties, money recovered in such suit after his death
    should go to the husband's personal representative, and not to
    the wife, the demand being a "chose in action." (Citing Words
    and Phrases, Chose in Action.)   (*Post, p.* 276.)

    Case cited and approved:   Winters v. McGhee, 35 Tenn., 128.

3.  **EXECUTORS AND ADMINISTRATORS.**   Actions against.
    Pleading.   Accounting.

    In an action by distributees against the administrator for money
    paid to wife of deceased, it is necessary to ask an accounting
    to ascertain what amounts are due.   (*Post, p.* 276.)

4.  **PARTIES.**   Privity.   Aution against.   attorney of admins-
    trator.

---

*Authorities discussing the general subject, tenancy by the en-
tireties are collated in a note in 30 L. R. A., 305.

On respective rights of husband and wife to the income or
products from an estate held by the entireties, see note in 19 L. R.
A. (N. S.), 1037.

Hux v. Russell.

An attorney who sues for an administrator and recovers money which he turns over to wife of deceased, mistakingly thinking it hers by right, is not in privity with the distributees and cannot be sued by them. (*Post, p.* 277.)

FROM CAMPBELL.

Appeal From the Chancery Court of Cambell County. —HUGH G. KYLE, Chancellor.

ROY A. JOHNSTON, for appellant.

W. A. OWENS and J. N. RUSSELL, for appellees.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

M. A. Fine and wife, Mattie, were the owners as tenants by entireties of realty in Jellico. A building thereon was injured in its rental value by an explosion of a large quanity of dynamite in a car that was standing on the tracks of the Southern Railway Co. The husband alone brought suit at law against the railway company to recover damages. While the suit was pending he died, and the action was revived in the name of his adminstrator, A. J. Carr. The demand in suit was compromised, $500 being paid to Russell, the attorney of plaintiff Fine, and the administrator. After retaining the fee of himself and associate counsel, Russell paid the remainder to or on account of Mattie Fine, the widow of M. A. Fine, he being under the impression that

138 Tenn.—18

the fund was hers by right, as the surviving tenant by entireties.

The present bill was filed by the distributees of M. A. Fine seeking to recover the fund (1) of Russell as wrongfully withheld from them, and (2) of the administrator and the surety on his bond for failure to collect. It is alleged in the bill and proven that the administrator did not collect any part of the fund.

The main defense urged is that the payment to Mattie Fine was warranted by law. The case having been developed on this theory, the proof is meager, and the rights of the defendants growing out of the payments that were actually made, are not made clearly to appear.

The chancellor gave the complainants judgments against the attorney and the administrator. On appeal the court of civil appeals held that the net recovery in the action at law was properly treated as realty of which it was the product, and that the widow was entitled to receive it, as survivor, and reversed the chancellor's decree as to all defendants. Complainant distributees, being dissatisfied, have filed a petition for review and assigned errors.

A general rule of the common law is that the husband has full control of and the right, to the exclusion of his wife during coverture, to the rents, profits, and usufruct of the property held by himself and wife as tenants by the entireties. *Ames* v. *Norman,* 4 Sneed (36 Tenn.), 683, 70 Am. Dec., 269; *Cole Mfg. Co.* v. *Collier,*

95 Tenn., 115, 31 S. W., 1000, 30 L. R. A., 315, 49 Am. St. Rep., 921.

The husband could maintain action of trespass or case without joining his wife, and take the benefit of the recovery, where the injury, such as that caused by a fire or an explosion, was to the rental value of the realty. *West* v. *Aberdeen, etc., R. Co.,* 140 N. C., 620, 53 S. E., 477, 6 Ann. Cas., 360, and note; *Sheridan Gas, etc., Co.* v. *Pearson,* 19 Ind. App., 252, 49 N. E., 357, 65 Am. St. Rep., 402; 13 R. C. L., p. 1104.

We need not inquire or determine whether the rule that excludes the wife from participation in the recovery in such an action arises out of the nature of this anomalous estate or as an incident thereof (*West* v. *Aberdeen, etc., R. Co.,* supra, or whether on the contrary, as was held in *Hiles* v. *Fisher,* 144 N. Y., 306, 39 N. E., 337, 30 L. R. A., 305, 43 Am. St. Rep., 762, it does not spring from the peculiar nature of that estate, but arises by reason of another principle of the common law which vests right of action in the husband *jure mariti.* See, however, in relation to the point, *Cole Mfg. Co.* v. *Collier,* supra. We have no statute depriving the husband of this right (*Ables* v. *Ables,* 86 Tenn., 333, 9 S. W., 692), unless it be the married woman's emancipation act of 1913 (Laws 1913, chapter 26), which went into effect January 1, 1914. The cause of action, the suit by the husband, and its compromise and termination were prior to that date; and the rights of the parties are to be determined by the application of common-law principles.

The court of civil appeals was in error in holding that the amount recovered as the result of the suit at law should be treated as though yet realty held in entirety. The amount due the plaintiff in that action was a personal demand, and the recovery would go to the husband's personal representative. *Winters* v. *McGhee,* 3 Sneed (35 Tenn.), 128. The demand comes within the broader definition of "choses in action," notwithstanding the claim was one growing out of a tortious injury to real property. 32 Cyc., 670, 671; 2 Words and Phrases, 1148.

The net result of action at law—the recovery less plaintiff's attorney's fees—therefore should have gone into the hands of the administrator.

However, the complainants do not show themselves entitled to such a recovery as was granted by the chancellor. They do not ask for an accounting, and none was had. For aught that appears, all or a portion of the fund may be required to pay debts of the deceased husband and father.

Clearly the administrator would be entitled to credit to the extent of the child's share to which the widow, Mattie Fine, is entitled by statute as a distributee along with complainants. The chancellor's decree makes no such provision or deduction.

We are of opinion that a just decree cannot be pronounced on the record before us, and that the case should be remanded for amendment of pleadings and for an accounting in which it may be shown whether

Hux v. Russell.

further credits, such as payments to the widow as year's allowance, etc., should be made in favor of the administrator.

There is no ground for a decree in favor of complainants against the attorney, Russell, to whom they stand in no privity.

Let the decree of the court of civil appeals be affirmed as to Russell and reversed so far as the defendant administrator and his surety are concerned, and the cause remanded to the chancery court for further proceedings.