CONSOLIDATED ENTERPRISES, INC., *et al. v.* STATE.*

*(Nashville.* December Term, 1923.)

1. **CONSTITUTIONAL LAW.** Sunday. Sunday statute not unconstitutional as discriminatory; statute forbids entertainment by shows for compensation on Sunday; "theatrical.".

Acts 1923, chapter 16, prohibiting conducting on Sunday any "theatrical" or motion picture entertainment for pay, is not unconstitutional as contravening Constitution article 11, section 8, by discriminating between entertainments of the same class, on the ground that "theatrical" entertainment includes only spoken drama, so that opera, the ballet, and acrobatic performances would not be unlawful under the statute, for "theatrical" entertainments include lyric drama, terpsichorean drama, and other forms of entertainment commonly produced in a theater, so that the act prohibits the operation on Sunday of theaters or playhouses of any character where any such entertainment is furnished for compensation. (*Post, pp.* 150, 151.)

Acts cited and contrued: Acts 1923, ch. 16.

Constitution cited and construed: Art. 11, sec. 8.

2. **STATUTES.** When statute clear, courts must restrain general words and expand words of narrower import to give effect to intent.

When purpose of statute is clear, it is court's duty to restrain general words and expand words of narrower import to effectuate legislative intent. (*Post, p.* 151.)

---

*On validity of classification in Sunday law, see notes in 14 L. R. A. (N. S.), 1259; 32 L. R. A. (N. S.), 1190.

On applicability of Sunday laws to moving pictures, see notes in 17 L. R. A. (N. S.), 1156; 30 L. R. A. (N. S.), 465, L. R. A. 1918B, 361.

Moving picture show as work, labor, avocation, business or the like within Sunday law, see note in 4 A. L. R. 385.

Consolidated Enterprises v. State.

Cases cited and approved: Rose v. Wortham, 95 Tenn., 505; Coal Creek, etc., Co. v. Tennessee Coal, etc., Co., 106 Tenn., 651; State v. Willis, 130 Tenn., 403.

3. **CONSTITUTIONAL LAW.** Statute construed to save it.

Where statute is susceptible of two interpretations, one of which sustains it and the other defeats it, construction will be adopted that saves it. (*Post, p.* 151.)

Cases cited and approved: Knox v. Emerson, 123 Tenn., 409; Hall v. State, 124 Tenn., 235.

4. **CONSTITUTIONAL LAW.** Statute construed to save its constitutionality.

Statutes must be construed, if possible, to save their constitutionality. (*Post, p.* 151.)

Cases cited and approved: Turner v. Eslick, 146 Tenn., 236; State v. Schlitz Brewing Co., 104 Tenn., 715; Dugger v. Insurance Co., 95 Tenn., 245.

FROM SHELBY.

*Headnote 1. 37 Cyc, Sunday, pp. 542, 551; 2. 36 Cyc, Statutes, p. 1119 (1925 Anno); 3. 12 C. J., Constitutional Law, § 220; 4. 12 C. J., Constitutional Law, § 219.

Appeal from the Criminal Court of Shelby County.— Hon. J. Ed. Richards, Judge.

Ralph Davis, for appellant.

Frank M. Thompson, Attorney-General, for the State.

Mr. Chief Justice Green delivered the opinion of the Court.

This appeal in error involves the validity of chapter 16 of the Acts of 1923. The trial judge was of opinion that the act was constitutional. The relevant portion of the statute is as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that hereafter it shall be unlawful and a misdmeanor for any person, firm or corporation to conduct, or operate, on Sunday, any theatrical or motion picture entertainment, for which tickets are sold, a fixed charge is made, or an offering is received, as compensation for the entertainment, or to cause or permit the same to be done by others on his or its behalf, the exercise of religious worship excepted."

In this court the only objection urged to this enactment is that it is in contravention of section 8 of article 11 of the Constitution, in that it makes an unreasonable discrimination between entertainments of the same class.

Counsel argues that only theatrical or motion picture entertainments are forbidden on Sunday. The contention is that a theatrical entertainment is a spoken drama, and that opera, the ballet, and acrobatic performances would not be unlawful under this statute.

We think such construction of the word theatrical is unduly restricted and unjustifiable. Lyric drama, terpsichorean drama, as well as other forms of entertainment, are commonly produced in a theater. They are entertainments ordinarily pertaining to the theater; that is, theatrical entertainments, as a general rule.

We think it was the intention of the legislature to prohibit the operation on Sunday of theaters or playhouses

of any character where any such entertainment is furnished for compensation.

Construing the words "theatrical entertainments" as above indicated, there is no difficulty in sustaining the act, and it is our duty to so construe these words.

When the purpose of the statute is clear, it is the duty of the courts to restrain general words and to expand words of narrower import in order to effectuate the legislative intent. *Rose* v. *Wortham,* 95 Tenn., 505, 32 S. W., 458, 30 L. R. A., 609; *Coal Creek, etc., Co.* v. *Tennessee Coal, etc., Co.,* 106 Tenn., 651, 62 S. W., 162; *State* v. *Willis,* 130 Tenn., 403, 170 S. W., 1030.

Where a statute is susceptible of two interpretations, one of which sustains it, and the other defeats it, the court will adopt the construction that saves the statute. *Knox* v. *Emerson,* 123 Tenn., 409, 131 S. W., 972; *Hall* v. *State,* 124 Tenn., 235, 137 S. W., 500.

A primary rule is that a statute must be construed, if possible, to save its constitutionality. *Turner* v. *Eslick,* 146 Tenn., 236, 240 S. W., 786; *State* v. *Schlitz Brewing Co.,* 104 Tenn., 715, 59 S. W., 1033, 78 Am. St. Rep., 941; *Dugger* v. *Insurance Co.,* 95 Tenn., 245, 232 S. W., 5, 28 L. R. A., 796.

Some other objections were made to the act in the trial court, but apparently have been abandoned here. We have considered these objections nevertheless, and find them without merit.

The judgment of the trial court will be affirmed.