IDA WILLIAMS *v.* METROPOLITAN LIFE INSURANCE COMPANY.

(*Nashville.* December Term, 1928.)

Opinion filed June 17, 1929.

A. E. Horn and Leon Feurnstein, for plaintiff in error.

Sivley, Evans & McCadden and J. P. M. Hamner, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

This suit was brought by Ida Williams, as named beneficiary, on a life insurance contract issued by the defendant Company to her son, Terry Williams, for $1000. The policy lapsed on June 29, 1926, for nonpayment of premium, after premiums had been paid for three and three-quarter years. The insured died in July, 1927, and plaintiff's declaration avers that under its terms the policy was extended for a term of three years and three months after its lapse. It is further averred in the declaration that "proper election was exercised by the insured as provided in section five of said policy for extended insurance."

In addition to the general issue of *nil debet,* the defendant interposed a special plea to the declaration, setting out clause five of the policy, hereinbelow referred to, as controlling, and averring that the insured, upon the lapse of the policy, failed to surrender the policy to the Company at its Home Office "for a cash surrender value or for endorsement for paid-up insurance or term insurance, as provided in the above option," and that "the policy was continued for a reduced amount of paid-up insurance, as provided in the second option, to-wit $50;" and liability for said sum of $50 was admitted, with tender.

At the conclusion of plaintiff's evidence, the defendant moved for a directed verdict, on the grounds stated in its special plea. The motion was overruled, but the trial judge construed the policy as not conferring upon the insured an option to demand extended insurance, because of an outstanding loan against the policy at the date of the lapse; held as a matter of law that the policy was continued as paid-up insurance for $55, and rendered judgment for the plaintiff for that amount. On plaintiff's appeal in error to the Court of Appeals, the judg-

ment of the circuit court was affirmed, the Court of Appeals concurring in the construction placed on the policy by the circuit judge.

Section five of the policy provides that if the policy lapse after three full years' premiums shall have been paid, "provided there be no indebtedness hereon," the owner shall, "upon written request filed with the Company at its Home Office together with the presentation of this Policy for legal surrender or for endorsement within three months from the due date of premium in default, be entitled to one of the following options:"

1. The cash surrender value; 2, paid-up insurance in reduced amount, as indicated on accompanying table of values; and 3, insurance in the original amount extended for a specific term, as indicated on the table of values.

Other material portions of section five of the policy are:

"If the owner shall not, within three months from due date of premium in default, surrender this Policy to the Company at its Home Office for a cash surrender value or for endorsement for paid-up insurance or term insurance as provided in the above options, the policy shall be continued for a reduced amount of paid-up insurance as provided in the second option."

"Any indebtedness to the Company under this Policy will be deducted from the cash value; and such indebtedness will also reduce the amount of paid-up insurance or the amount continued as term insurance in such proportion as the indebtedness bears to the cash value at due date of premium in default."

At the date of the lapse, the cash value of the policy was $28. The outstanding loan against it was $11. The loan or indebtedness was therefore .392 per cent. of the

cash value; and plaintiff contends that the insured, upon election made pursuant to the terms of the policy, was entitled to extended or term insurance for the face value of the policy, reduced by .392 per cent., for the term of three years and three months, the term indicated on the table in the policy after the payment of three annual premiums.

The paragraph last above quoted from section five clearly contemplates that the insured shall be entitled to exercise the third option, for extended term insurance, notwithstanding the existence of a loan against the policy at the date of the lapse; since, otherwise, there would have been no necessity for the provision for a reduced amount of extended or term insurance on account of indebtedness. There, is therefore, an apparent inconsistency between this provision and the proviso in the first paragraph of section five, wherein the right of the insured, or owner, to elect between the three options is stated "provided there be no indebtedness hereon."

We think the inconsistency is apparent only. The statement of the three options recites the owner's right (1) to the "cash surrender value," or (2) to paid-up insurance, with an "increasing cash surrender value equal to the full reserve at the date of the surrender," or (3) "to have the insurance continued *for its original* amount as term insurance." In view of the subsequent provision clearly contemplating both paid-up insurance and term insurance in an amount reduced in proportion to indebtedness existing against the policy, we think the stated proviso has the effect only of excluding the right of the policy owner to the values recited in the options, in case of outstanding indebtedness, and does not exclude the right to exercise the option, with values reduced according to the subsequent stipulation. This is the con-

struction given to the policy by the defendant in its special plea to the declaration wherein it asserts liability only for paid-up insurance in the sum of $50, because the insured did not surrender the policy "for a cash surrender value or for endorsement for paid-up insurance or term insurance, as provided in the above options." Similar provisions in insurance contracts have been so construed in other jurisdictions. *Stark* v. *John Hancock Mutual Life Ins. Co.,* 176 Mo. App., 574, 159 S. W., 758; *Dibrell* v. *Citizens National Life Ins. Co.,* 152 Ky., 208, 153 S. W., 428; *Knapp* v. *John Hancock Mutual Life Ins. Co.* (Mo. App. 1924), 259 S. W., 862. And see *Stratton* v. *N. Y. Life Ins. Co.,* 115 Va., 257, 78 S. E., 636.

This construction of the policy is essentially implied in the defendant's position that the policy was continued for paid-up insurance after lapse; since the clause of the policy authorizing this position so provides, only if the owner fails to elect between the three stated options; and there could be no failure to elect, so as to affect the rights of the parties, if there was no right of election.

*Mills* v. *National Life Ins. Co.,* 136 Tenn., 350, is not in conflict with our conclusion herein. There the cash value of the policy at the date of lapse was reduced by intebtedness or loans to $10.11, and the insurance company conceded that it was liable for "continued term insurance to the sum of $99." The policy provided for automatic term insurance after lapse for nonpayment of premiums, with the qualification that "any indebtedness to the company . . . will also proportionately reduce the sum of paid-up insurance and the amount at risk under continued insurance." The holding of the court is embodied in the sentence: "We do not find any provision of the policy whereby it could be contended

that continued insurance *in the full amount* (italics here) could exist, and an indebtedness be outstanding at the same time.'' The plaintiff herein concedes that the insured was not entitled to continued insurance ''in the full amount,'' and that the amount of the continued insurance claimed is to be reduced because of the indebtedness, in the proportion stated in the policy.

We hold, therefore, that the Circuit Court and Court of Appeals were in error in denying the insured's right to elect to have the policy continued as term insurance, after the lapse for nonpayment of premium.

Plaintiff's evidence that such an election was made consists of the testimony of her attorneys of record that they, on August 28, 1926, within ninety days from the due date of the premium in default, at the instance of the insured, addressed and mailed a letter to the defendant company, at its Home Office in New York City, informing the company that the insured ''desires to get as much extended insurance as you will give him at this time,'' and stating: ''so in behalf of my client I am giving you this notice for extended insurance.'' The policy was not returned to the company for endorsement, but the letter continued: ''I do not know whether it is necessary to send you the policy but if such is the case if you will write to me or my client he will be glad to send you this policy on demand.''

The record is silent as to whether this letter reached the company, or whether it was answered. So far as the record shows there was no further communication between the parties until after the death of the insured, which occurred about eleven months after the date of the letter.

As stated above, the defendant's motion for a directed verdict was made on the ground that the insured did not

effectuate his election to have the policy continued as term insurance, because he did not surrender the policy for endorsement, as required by its terms. This motion the trial judge overruled, and gave judgment for plaintiff on the theory that the existence of the loan on the policy excluded the insured from any right of election. The trial judge expressly declined to hold that the surrender of the policy was essential to the election, if the right existed. Plaintiff's attorney asked: "Your Honor, in fact, sustains his motion for a directed verdict on the theory that the policy is necessary to be sent to the Home Office for cancellation?" To this the trial judge responded: "No, I don't do that, but I give force and effect to the provision that he has not these options where there is a loan on the policy."

There was no exception by the defendant to the action of the court in overruling its motion for a directed verdict on the ground stated; nor did the defendant move for a new trial or appeal in error. The jurisdiction of the Court of Appeals, on the appeal in error by plaintiff, was limited to a review of the rulings of the trial judge which were adverse to her. *Yarbrough* v. *Yarbrough*, 151 Tenn., 221, 227; *State* v. *Willis*, 130 Tenn., 403, 407.

The Court of Appeals did not undertake to rule on the efficacy of the letter of August 28, 1926, to work an election for continued insurance, but affirmed the ruling of the trial judge that there was no right of election, saying: "When the insured borrowed on said policy the extended time ceased; the plaintiff could not have the benefit of a loan and the benefit of extended insurance at the same time."

Plaintiff's first assignment of error quotes certain language of the opinion of the Court of Appeals as hold-

ing that the insured did not exercise his right of election between the options stated in the policy. But even a casual reading of the language quoted discloses that it has no application to the facts of the case at bar, and it was not so intended. The language is a part of an extended quotation made by the Court of Appeals from *Mills* v. *National Life Ins. Co.*, 136 Tenn., 350, and will be found in that opinion at page 353.

Plaintiff's second and third assignments of error are also directed at portions of the opinion of the Court of Appeals, which are but quotations from *Mills* v. *Insurance Co.*, *supra*, and do not constitute rulings of the Court of Appeals in this case.

▆ Plaintiff assigns error to the action of the trial judge in excluding testimony offered with reference to a policy of insurance which Terry Williams held in the defendant company prior to the issuance of the policy in suit. This assignment of error is overruled. The evidence offered was not material or relevant to any issue presented by the pleadings in this case.

Other assignments of error reach the ruling of the Court of Appeals that the insured had no right to demand continued insurance, upon the lapse of the policy, because of the outstanding loan. Sustaining these assignments, we express no opinion on whether the election was in fact made. *Brenizer* v. *N., C. & St. L. Ry.* (on petition to Rehear), 156 Tenn., 479, 493.

The judgments of the Court of Appeals and Circuit Court will be reversed and the case remanded for a new trial. Costs of the appeal will be paid by the defendant.