Flynn v. Hunnicutt, County Court Clerk.

(Knoxville, September Term, 1942.)

Opinion filed January 30, 1943.

William F. BARRY, Solicitor-General, for appellant.

R. R. KRAMER, of Knoxville, and JOHN C. CRAWFORD, JR., of Maryville, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit is to recover a portion of a privilege tax on a motor vehicle, paid under protest. There was a decree in favor of the complainant from which the State has appealed.

The controversy involves the amount of the tax imposed by chapter 94 of the Acts of 1939 on passenger motor vehicles operating for hire. The complainant operated 28-seat busses over a route fourteen miles in length to and from the Reduction Plant of the Aluminum Company of America at Alcoa, Tennessee. The contention of complainant is that he is only liable to a tax of $3 per seat on each bus. The State insists that complainant is liable to a tax of $11 a seat on each bus.

Chapter 94 of the Acts of 1939 is in these words:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That Section 4 of Chapter 55 of Public Acts of 1935, the caption of which is set forth in the caption of this Act, be and the same is hereby amended by striking therefrom the following words and figures:

" 'Motor Vehicles with over seven seats for passengers, an amount equal to $2.00 for each seat'

"And inserting in lieu thereof the following words and figures:

" 'Motor Vehicles with over seven seats for passengers, an amount equal to $11.00 for each seat, which shall be in lieu of the tax on automobile buses or motor vehicles levied by Item O, sub-section (b) of Chapter 108, Public Acts of 1937.'

" 'Provided, That where any route over which such vehicle is operated is exclusively within the limits of a municipality of the State, or where such route does not extend more than five (5) miles beyond such City limits; or where any route over which such vehicle is operated does not exceed fifteen (15) miles in Tennessee, the fee shall be an amount equal to three ($3.00) dollars for each seat;

" 'Provided, further, That where a license for limited territorial use is issued, the license plate or tag shall carry a mark or designation distinguishing it from the license plate or tag for general use.' "

Chapter 55 of the Acts of 1935, section 4, which the Act of 1939 amends, imposes a tax on vehicles of this nature "with over seven seats for passengers, an amount equal to $2.00 for each seat."

Chapter 108, Acts of 1937, Item O, section 2, subsection (b), in lieu of which the Act of 1939 was enacted, provides:

"Each person engaged in the business of operating automobile busses or motor vehicles, using the roads and highways of this State and carrying passengers for hire, whether doing interstate or intrastate business, shall, in addition to the privilege tax imposed by subsection (a) of this Item, pay as reasonable compensation for the

use of the public highways the following fees: . . . Each bus or motor vehicle with seating or carrying capacity of twenty-four (24) passengers or more, per mile traveled, 1c for each mile.''

From the foregoing it is seen that the Act of 1939 raised the seat tax of the Act of 1935 on vehicles such as those under consideration from $2 to $11 and dispensed with the mileage tax on such vehicles.

Since the mileage tax was levied on both intrastate and interstate busses, a tax levied in lieu of that tax which took no account of the extent of the use of the State highways by interstate carriers would have put an undue burden on interstate commerce. Memphis, Chattanooga and Bristol are on or near Tennessee boundary lines. A bus in any of these cities from another State might travel less than fifteen miles over the State highways. Taxation of such vehicles as these on a par with vehicles that plied between Nashville and Memphis or Nashville and Bristol would be taxation without relation to the use of the highways and would be difficult to sustain.

Bearing in mind the nature of the Act which the Act of 1939 amended, and the nature of the Act which the Act of 1939 superseded, it is rather obvious that the exemption of vehicles operating not in excess of "fifteen (15) miles in Tennessee" was intended to apply to interstate vehicles. This exemption of $8 of the $11 seat. tax in favor of interstate vehicles made the tax substantially commensurate with their use of Tennessee highways.

The complainant takes the position that under the statutes above referred to passenger motor vehicles operating for hire in Tennessee are, for the purposes of taxation, divided into four classes:

"(1) Those operating exclusively within a municipality of this State;

"(2) Those whose routes do not extend more than five miles beyond the corporate limits of a municipality in which they operate;

"(3) Those whose routes in Tennessee do not lie wholly within the limits of a municipal corporation, and whose routes do not exceed fifteen miles in length;

"(4) Those whose routes in Tennessee do not lie wholly within the limits of a municipal corporation and whose routes exceed fifteen miles in length."

■ Since the route of complainant's busses lies partly within the limits of the municipal corporation of Alcoa and the route does not exceed fifteen miles in length, we take it that he places his vehicles within his third classification. Such a construction of the statutes adds another exception to the three exceptions to the $11 seat tax contained in the proviso of chapter 94 of the Acts of 1939. In violation of the familiar rule that the enumeration of exceptions excludes other exceptions not named. *Turner* v. *Eslick*, 146 Tenn., 236, 240 S. W., 786, and authorities there reviewed.

The exception of vehicles whose routes lie partly within and partly without a municipality is restricted by the proviso to those vehicles whose routes do not extend more than five miles beyond city limits. The exception proposed by the complainant might well extend the statutory exception from five miles to twelve or thirteen miles. We cannot do such violence to a statute.

■ In view of the history of this legislation, when the Legislature excepted from the $11 seat tax vehicles whose route did "not exceed fifteen (15) miles in Tennessee," we are satisfied the Legislature had in contemplation a bus route of greater length than fifteen miles, which, however, did "not exceed fifteen (15)

miles in Tennessee.'' We do not think it possible to construe the Act otherwise if we are to avoid repugnancy in its terms and confusion in its enforcement.

■ The complainant argues that the construction of the Act urged by the State would render it unconstitutional in that an arbitrary discrimination would be made in favor of interstate routes and against intrastate routes. But such a discrimination would not arise from the Act but from the Commerce Clause of the Federal Constitution. Like discriminations are apparent in every State that has a sales tax. Persons living out of the State can order their purchases sent to them free of the sales tax. Persons within the State having their purchases sent to them, are liable for the sales tax. A somewhat similar objection was made to a statute regulating State banks on the ground that a discrimination was made in favor of national banks, regulation of the latter being beyond the power of the State. The objection was held unavailing. *State* v. *Willis,* 130 Tenn., 403, 170 S. W., 1030.

If we adopt the construction urged by complainant that those vehicles ''whose routes in Tennessee do not lie wholly within the limits of the municipal corporation, and whose routes do not exceed fifteen (15) miles in length,'' we would have a real constitutional difficulty. The routes of many of the interstate busses do not lie wholly within the limits of a municipality and their routes do exceed five miles beyond the city limits and the routes (in the language of the statute) ''over which (any) such vehicles is operated'' are more than fifteen miles. As the statute is interpreted by the complainant, there would be no exemption from the $11 seat tax in favor of these vehicles.

For the reasons stated, the decree of the chancellor is reversed and the bill dismissed.