STANDARD KNITTING MILLS, INC., Appellee,

*v.*

CARRIE ARNOLD ALLEN, et al., Appellants.

424 S.W.2d 796.

(*Knoxville*, September Term, 1967.)

Opinion filed December 8, 1967.

JACKSON C. KRAMER and ERMA G. GREENWOOD, Knoxville, of counsel, KRAMER, DYE, GREENWOOD, JOHNSON & RAYSON, Knoxville, for appellee.

M. W. EGERTON, JR., Knoxville, of counsel, EGERTON, MCAFEE, ARMISTEAD & DAVIS, Knoxville, for appellant, Carrie Arnold Allen.

HENRY K. WILLIAMS, JR., Knoxville, for appellant, Ann P. Strunk.

JOHN A. THOMAS, Knoxville, for appellants, Guy L. Webb and Edwin L. Webb.

G. W. MORTON, JR., Knoxville, of counsel, MORTON, MORTON & LEWIS, Knoxville, for appellant, City of Knoxville.

Mr. Justice Dyer delivered the opinion of the Court.

The decision in this case requires the construction of a deed to ascertain the legal nature and quality of the estate conveyed to the City of Knoxville. The deed, omitting signatures and acknowledgement, is as follows:

This indenture, made this 30th day of August A.D., 1916 between William Caswell and wife, Lizzie W. Caswell of Fort Myers in the State of Florida, of the first part and the City of Knoxville, Tennessee being a Municipal Corporation of having its situs in Knox Co., Tenn., of the second part, WITNESSETH: That the said parties of the first part have given to the City of Knoxville being a Municipal Corporation and *have granted, bargained, and conveyed, and do hereby grant, bargain, and convey unto the said part of the second part*, the following described premises, to-wit: situated in District 1. A certain tract of land more fully as follows:

Beginning at a stake at the South west corner of H. C. Bondurants on the East side of the right of way of the Southern Railway main tract; thence in an easterly direction with H. C. Bondurants south line to the center of 1st Creek; thence in a Southerly direction with the center of 1st Creek to the center of Swan Street or the north line of Knoxville Real Estate Co. property; thence in a westerly direction with the Knoxville Real Estate Co.'s line being the center of Swan

St. to the East line of the right of way of the Southern Railway Co.'s main tract; thence in a northerly direction with the right of way of the main line of the Southern Railway Co.'s tract to the beginning excepting the right of way of fifty feet of a Spur tract of the Southern Railway which extends through the tract of land being conveyed. In the acceptance of this deed it is understood and agreed that the tract of land herein conveyed shall forever be used as a Park and be called Caswell Park. In case this is not complied with the property shall revert to the Heirs of the Party of the First Part, with the hereditaments and appurtenances thereto appertaining, hereby releasing all claim to Homestead and Dower therein. *TO HAVE AND TO HOLD, the said premises to the said party of the second part forever.* And the said parties of the first part for themselves and for their Heirs, Executors and Administrators do hereby covenant with the said party of the second part that they are lawfully seized in fee simple of the premises above conveyed and have full power, authority and right to convey the same, that said premises are free from all incumberances, except State and County Tax which the party of the 2nd part assume, and that they will forever warrant and defend the said premises and the title thereto against the lawful claims of all persons whomsoever.

IN WITNESS WHEREOF, The said parties of the first part have hereunto set their hand, and seal the day and year first above written (Emphasis supplied).

It is clear by the language of the deed, italicized above, there is conveyed to the City of Knoxville an absolute fee simple title to the property. The only lan-

guage in this deed in any way qualifying this absolute fee granted the City of Knoxville is as follows:

> In the acceptance of this deed it is understood and agreed that the tract of land herein conveyed shall forever be used as a Park and be called Caswell Park. In case this is not complied with the property shall revert to the Heirs of the Party of the First Part, * * *.

■ We do not think the language of this deed creates a simple determinable fee or as it is expressed by Mr. Chief Justice Green in *Yarbrough v. Yarbrough,* 151 Tenn. 221, 269 S.W. 36 (1924), a bare determinable fee. First, the grantors have conveyed all interests they have in the property, retaining no interest themselves, which could be deemed a possibility of reverter; and, second, the deed contains no words of limitations. See *Yarbrough v. Yarbrough,* supra.

The grantors, after conveying an absolute fee to the City of Knoxville, placed in this deed a condition the land be used for park purposes which would be termed a condition subsequent and upon breach of condition the land was to revert to the heirs of the grantors. This requires us to determine whether there has been created here an estate upon condition or an estate upon conditional limitation.

■■ A fee simple subject to a condition subsequent exists where a fee in the grantee is subject to a power in the grantor to terminate the estate upon the happening or non-happening of the stated event. Restatement of Property sec. 45. Thus, A conveys to B to have and to hold on the express condition that if the land shall not be used for park purposes, A, or his heirs, shall have the right to re-enter and terminate the estate. Here B has a

fee simple on condition subsequent and A retains the right of re-entry for condition broken. This right of re-entry is often referred to as the power of termination since it is the right to enter and regain possession of the granted estate. Restatement of Property sec. 24, Comment B. This right of re-entry or power of termination belonged at common law exclusively to the grantor, and after his death to his heirs. Such could not be vested in another person by express stipulation in the creating instrument. Tiffany, Real Property (2d ed.) sec. 86.

■ A fee simple subject to a conditional limitation exists where the fee in the grantee is subject to divestment in favor of a person other than the grantor upon happening of the specified event. The limitation always carries the estate over to the third person rather than bringing it back to the grantor or his heirs. *Williams v. Jones,* 166 N.Y. 522, 60 N.E. 240 (1901). Thus, A conveys to B to have and to hold upon the express condition that if the land is not used for park purposes, then to C and his heirs. In this instance B has a fee simple subject to an executory interest in C.

■ In the case at bar the decision on this issue turns on whether the word "heirs" in the phrase "revert to the Heirs of the Party of the First Part" is used as a word of purchase or a word of limitation. In making this decision we are not unaware the word "heirs" used in a conveyance is a technical word and construed as one of limitation unless, by the terms of the entire instrument, it is apparent the grantors intended its use otherwise. *Kay v. Conner,* 27 Tenn. 624 (1848).

■ The decision as to just what a grantor or devisor meant by the use of a particular language is always

fraught with difficulties. The usual and customary phrase where the word "heirs" is clearly one of limitation is "shall revert to the grantors and their heirs." The deed in question uses no words of such import, but says literally that the property upon condition breached is to go to the grantor's heirs. We think by use of this language the grantor intended the property upon breach of the condition to go to that person or persons who might be their heir or heirs at the time the condition was breached. We hold the word "heirs" in the deed in question as being used as a word of purchase. It results that there is here created an estate upon conditional limitation operating in favor of those to whom it is limited over (heirs of the party of the first part) as an executory interest.

 This being the nature of the estate conveyed to the heirs of the grantors, we are next required to consider whether there is anything in the nature of this gift over which renders it invalid. An executory interest is not a vested estate and must vest within a life or lives in being and twenty-one years and the period of gestation from the date of the deed or be void as violative of the rule against perpetuities. Gray, The Rule Against Perpetuities (5th ed.) sec. 41; Simes, Future Interests sec. 768; *Yarbrough v. Yarbrough,* supra. This requires a determination if this limitation over, operating as an executory devise to the "heirs of the grantors," violates the rule against perpetuities. On this point the Court in **Proprietors of** *Battle Square Church v. Grant,* 3 Gray 142, 63 Am.Dec. 725 (Mass.1885), said:

In the application of this rule, in order to test the legality of a limitation, it is not sufficient that it be capable of taking effect within the prescribed period;

it must be so framed as ex necessitate to take effect, if at all, within that time. If, therefore, a limitation is made to depend upon an event which may happen immediately after the death of the testator, but which may not occur until after the lapse of the prescribed period, the limitation is void. The object of the rule is to prevent any limitation which may restrain the alienation of property beyond the precise period within which it must by law take effect. If the event upon which the limitation over is to take effect may, by possibility, not occur within the allowed period, the executory devise is too remote, and cannot take effect. 3 Gray at 153.

In the case at bar this limitation over to the heirs of the grantors is only effective if the City of Knoxville fails to use the land conveyed by the deed as a park. It is apparent such event might not occur until long after the time required for vesting of estates by the rule against perpetuities. Therefore, the limitation over in this deed to the heirs of the party of the first part (grantors) is void for remoteness.

We are next required to determine what effect the invalidity of the devise over, on account of its remoteness, has upon the prior estate conveyed to the City of Knoxville. In *Brattle Square Church v. Grant,* supra, there was a devise of property to a church forever; upon condition same be used as a home for the minister of the church and if not so used the will states:

I then declare this bequest to be void and of no force, and order that said house and land then revert to my estate, and I give the same to my nephew, John Hancock, Esquire, and to his heirs forever.

The Court in *Brattle Square Church v. Grant,* supra, after finding the devise over void, said:

The remaining inquiry is as to the effect of the invalidity of the devise over, on account of its remoteness, upon the preceding gift in fee to the deacons and their successors forever. Upon this point we understand the rule to be that if a limitation over is void by reason of its remoteness, it places all prior gifts in the same situation as if the devise over had been wholly admitted. Therefore a gift of the fee, or the entire interest, subject to an executory limitation which is too remote, takes effect as if it had been originally limited free from any divesting gift. The general principle applicable to such cases is, that when a subsequent condition or limitation is void by reason of its being impossible, repugnant or contrary to law, the estate becomes vested in the first taker, discharged of the condition or limitation over, according to the terms in which it was granted or devised; if for life, then it takes effect as a life estate; if in fee, then as a fee simple absolute. * * * The reason on which this rule is said to rest is, that when a party has granted or devised an estate, he shall not be allowed to fetter or defeat it by annexing thereto impossible, illegal or repugnant conditions or limitations.

* * * The condition being accompanied by a limitation over which is void in law, fails of effect, and the estate becomes absolute in the first takers. * * * Besides, and this perhaps is the more satisfactory view of a devise of this nature, the condition operates only as a limitation, the rule being that when an estate is given over upon breach of a condition, and the same is devised by express words of condition, yet it will be intended

as a limitation only. In all cases where a clause in a will operates as a condition to a prior estate, and a limitation over a new estate, the condition takes effect only as a collateral determination of the prior estate, and not strictly as a condition. 3 Gray at 159-160.

The Court in *Brattle Square Church v. Grant,* supra, upon applying the rules of law, above copied, found the devise in question conveyed a fee simple estate to the church (holder of the prior estate) free from the divesting gift. The case at bar is almost identical on the point now under consideration. In the *Brattle Square Church* case we have a condition (property to be used as a home for the minister of the church) and a limitation over in case of breach of condition to a third person (John Hancock). In the case at bar we have a condition (property to be used for park purposes) and a limitation over to third persons (heirs of the grantors). Under these rules you remove the void limitation over, which make inoperative the conditions, and examine the instrument to determine the nature and quality of the estate granted or devised to the first taker. In the case at bar, omitting the void conditional limitation, it is apparent the first taker (City of Knoxville) took a fee simple estate.

It results and we so hold that under the deed in question, dated August 30, 1916, the City of Knoxville, Tennessee, a municipal corporation, took an absolute fee simple title to the property conveyed by said deed devoid of all conditions or restrictions.

The holding here on the effect of removing a void limitation over is but an application of the rule used in *Yarbrough v. Yarbrough,* supra, to the facts of the case at bar. In the *Yarbrough* case the Court, upon removing

the void limitation over, found the grantor had conveyed the property "so long as used for church purposes" which created a determinable fee. In the case at bar upon removing the void limitation over, we find the grantors have conveyed the property to the City of Knoxville "forever." This creates a fee simple title.

 It is true the construction we have given to this deed will defeat the manifest intention of the grantors, which was, on the failure to use this property as a park the property was to revert to the grantors' heirs; but, no principle is better settled than that the interest of a grantor or testator, however clear, must fail of effect if it cannot be carried into effect without violation of the rules of law. See *Brattle Square Church v. Grant*, supra.

Under the view we take of this matter, it is not necessary to discuss the other issues raised in the trial court. Since this involves title to real estate, we remand the case for any necessary orders.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.